# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**MACK PERRY,**

       **Plaintiff,**

   **v.**

                               **Civil Action 3:26-cv-54**
                               **Judge Michael J. Newman**

**CITY OF DAYTON,** *et al.*,               **Magistrate Judge Chelsey M. Vascura**

       **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Mack Perry, sues several municipal entities and employees for violation of his constitutional rights under 42 U.S.C. § 1983 in connection with his criminal prosecution. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he has $97.52 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A828886) at the Southeastern Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

2

## I.     BACKGROUND

On January 12, 2023, Plaintiff was indicted on 14 counts of various sexual offenses against his three daughters that occurred between 2000 and 2003. The indictment included charges of rape, gross sexual imposition, and dissemination of harmful matter to juveniles. Plaintiff was convicted and sentenced on May 21, 2024, to imprisonment for 10 years on the rape charge, 5 years for each charge of gross sexual imposition, and 18 months for each charge of dissemination of harmful material to juveniles. Plaintiff appealed the dissemination convictions on grounds that the six-year statute of limitations for those charges had run well before Plaintiff was indicted in 2023. The Court of Appeals agreed and reversed Plaintiff's five dissemination convictions. *See State v. Perry*, 2025 WL 1201789, at *9 (Ohio App. 2 Dist., 2025). All of Plaintiff's other convictions and sentences were affirmed. *Id.*

Plaintiff now sues various municipal entities and employees involved in his prosecution. His Complaint advances four counts: (1) fabrication of evidence, (2) malicious prosecution, (3) procedural due process, and (4) *Monell* liability. As relief, Plaintiff seeks compensatory and punitive damages.

## II.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

4

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial

plausibility is established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

plausibility of an inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v.

Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.   ANALYSIS

All of Plaintiff's claims must be dismissed.

**A.   Doe Defendants**

In addition to the named Defendants, Plaintiff also lists as Defendants "John/Jane Doe

Officers 1–5." But the only reference to these Doe Defendants appears in the caption and the

party listing at the beginning of the Complaint. (Compl., ECF No. 1-1, PAGEID #6, 27.)

The United States Court of Appeals for the Sixth Circuit "has consistently held that

damage claims against government officials arising from alleged violations of constitutional

rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate

the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in

original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Thus, Plaintiffs' listing of Doe Defendants in the case caption, without any allegations as to what each unidentified Defendant did, does not suffice and any claims against John/Jane Doe Officers 1–5 must be dismissed.

**B.**     *Monell* **Claim**

First, to the extent Plaintiff sues the City of Dayton, the City of Trotwood, Montgomery County, or any of their departments, Plaintiff has failed to state a claim. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff's allegations fail to establish an unconstitutional policy or custom on the part of the municipal Defendants. He alleges only in a conclusory manner that "Defendants failed to train and supervise personnel, resulting in systemic violations." (Compl., ECF No. 1-1, PAGEID #29.) But Plaintiff alleges no facts to support his allegations that any violations of his rights were

caused by a municipal custom or policy (as opposed to the misconduct of an individual). That is, "[h]e offers only . . . bare legal conclusions which the Court properly disregards." *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) (dismissing a claim for *Monell* liability due to conclusory allegations); *see also Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"). All claims against the City of Dayton, the City of Trotwood, Montgomery County, or any of their departments must therefore be dismissed.

Similarly, to the extent that Plaintiff sues any of the individual municipal employee Defendants (Dayton Police Detective Karina Sulek and Montgomery County Assistant Prosecutor Whitney Crim) in their official capacities, those claims must also be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). But, as just discussed, Plaintiff has not stated a claim against any of the municipal Defendants. Plaintiff's official-capacity claims against Sulek and Crim must therefore be dismissed.

## C.     Fabrication of Evidence

Next, consider Plaintiff's fabrication-of-evidence claim. "The basis of a fabrication-of-evidence claim under § 1983 is an allegation that a defendant knowingly fabricated evidence against a plaintiff, and that there is a reasonable likelihood that the false evidence could have affected the judgment of the jury." *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017) (cleaned up). Plaintiff's claim for fabrication of evidence appears to rest on a 2009 police report. During his trial, Plaintiff's daughters' mother testified that she reported Plaintiff's abuse to Kettering police in 2009. *State v. Perry*, 2025 WL 1201789, at *1. Yet Defendant Detective Karina Sulek

7

also testified at trial that "no such report exists." (Compl., ECF No. 1-1, PAGEID #28.) Plaintiff alleges that "Assistant Prosecutor Whitney Crim failed to correct the states' witnesses regarding no police report ever being filed as these reports would either be given directly to a police office on site or at a police station not over the phone." (*Id.* at PAGEID #29.) The Court of Appeals relied on the 2009 report in concluding that the statute of limitations for both the dissemination and gross sexual imposition counts began to run no later than 2009. *State v. Perry*, 2025 WL 1201789, at *3.

But this 2009 report is not prejudicial to Plaintiff—that is, there is no "reasonable likelihood that the [report] could have affected the judgment of the jury." *Mills*, 869 F.3d at 484. Absent this report, the limitations period would have been tolled for an even longer amount of time: until his daughters reached the age of majority. *See State v. Perry*, 2025 WL 1201789, at *3 ("the statute of limitations did not begin to run until [Plaintiff's daughters] reached the age of majority or a responsible adult learned of the abuse."). Had no one reported Plaintiff's abuse to a "responsible adult" as defined in Ohio Revised Code § 2151.421, the statute of limitations might not have begun to run until 2013 at the earliest, when Plaintiff's oldest daughter reached the age of majority, and perhaps as late as 2017, when Plaintiff's youngest daughter did so. *See State v. Perry*, 2025 WL 1201789, at *2 (noting that Plaintiff's daughters were 28, 27, and 24 years old when Plaintiff was indicted in 2023). If anything, the 2009 report *helped* Plaintiff by moving the dissemination charges out of the six-year limitations window prior to his indictment. And the rape and gross sexual imposition charges are completely unaffected by the 2009 report, because their statutes of limitations are 25 and 20 years, respectively. Ohio Rev. Code § 2901.13(A)(4), (A)(3). Thus, there is no likelihood that the 2009 report "affected the judgment of the jury" on

any of Plaintiff's charges. Plaintiff's claim for fabrication of evidence must therefore be dismissed.

**D.     Malicious Prosecution**

Turning to Plaintiff's malicious prosecution claim, the elements he must establish are (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute," (2) "there was a lack of probable cause for the criminal prosecution," (3) "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure," and (4) "the criminal proceeding must have been resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (cleaned up). The undersigned has already determined that none of the municipal entities may be liable on any of Plaintiff's claims. This leaves Detective Karina Sulek, defense attorney Lucas W. Wilder, and Assistant Prosecutor Whitney Crim as potential Defendants for Plaintiff's malicious prosecution claim. As to Sulek and Wilder, Plaintiff's claim fails on the first element—Plaintiff's Complaint lacks any allegations that Sulek or Wilder had any involvement in the decision to prosecute Plaintiff. The only allegations concerning Sulek relate to her testimony that the 2009 police report did not exist, and as Plaintiff's defense attorney, Wilder would have no connection to Plaintiff's prosecution. *See Novak v. City of Parma, Ohio*, 33 F.4th 296, 307 (6th Cir. 2022) ("To prevail, [Plaintiff] must first show that the officers participated in or influenced the decision to criminally prosecute him."). And Crim, as a prosecutor, is entitled to absolute immunity for actions taken within the scope of her office. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This prosecutorial immunity is overcome only when the prosecutor's challenged conduct was taken as an administrator or investigator, rather than as an advocate. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Plaintiff's allegations do not suggest that Crim was acting as anything

9

but an advocate in Plaintiff's criminal proceedings. Accordingly, Plaintiff fails to state a claim for malicious prosecution against any of the Defendants.

### E.        Procedural Due Process

Finally, Plaintiff's procedural due process claim must also be dismissed. Plaintiff alleges that he was "imprisoned on void counts and denied a fair trial," resulting in "deprivation of liberty without due process." (Compl., ECF No. 1-1, PAGEID #29.) In *Paratt v. Taylor*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of property. 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065– 66 (6th Cir. 1983). The Sixth Circuit later extended this rule to procedural due process claims involving deprivation of a liberty interest. *See Wilson v. Beebe,* 770 F.2d 578 (6th Cir. 1985). Thus, when a plaintiff fails to plead inadequacy of state remedies as part of a due process claim, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377–78 (6th Cir. 1993) (dismissal of procedural due process claim upheld when the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the

10

plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

Here, Plaintiff has not alleged that available state remedies would not adequately redress his injuries. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Accordingly, Plaintiff has failed to state a Fourteenth Amendment procedural due process claim.

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


   **IT IS SO ORDERED.**


                                        /s/ *Chelsey M. Vascura*
                                        CHELSEY M. VASCURA
                                        UNITED STATES MAGISTRATE JUDGE